UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELLAN CORP. INC.,

                          Plaintiff,

-vs-

DONGKWANG INTERNATIONAL CO., LTD.,

                          Defendant.

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DONGKWANG**

DONGKWANG INTERNATIONAL CO., LTD,

                          Counterclaim-Plaintiff,

-vs-

09-CIV-00414(LAP)(MHD)

ELLAN CORP. INC. and AMERICAN FASHION BRANDS, LLC,

                          Counterclaim-Defendants.

**Please take notice** that, pursuant to Rule 33 of the Federal Rules of Civil Procedure, plaintiff, ELLAN CORP. INC. ("Ellan"), hereby propounds the following interrogatories to defendant DONGKWANG INTERNATIONAL CO., LTD. ("Dongkwang").

## **DEFINITIONS**

1.    The term "Ellan" means Ellan Corp. Inc., and its members, officers, directors, shareholders, employees, representatives, agents, and attorneys.

2.    The term "Dongkwang" means Dongkwang International Co., Ltd., its parent corporations, wholly-owned subsidiaries, affiliates, predecessors in interest, and its members, officers, directors, shareholders, employees, representatives, agents, and attorneys.

3.    The term "AFB" means American Fashion Brands, LLC, and its members, officers, directors, shareholders, employees, representatives, agents, and attorneys.

4. The term "Distribution Agreement" means the Distribution Agreement between Ellan and Dongkwang executed on August 8, 2008.

5. The term "VS" means Victoria Secret Stores, its parent corporations (including without limitation Limited Brands, Ltd.), wholly-owned subsidiaries, affiliates, predecessors in interest, and its members, officers, directors, shareholders, employees, representatives, agents, and attorneys.

6. The term "VS merchandise" means any clothing or other goods manufactured, distributed, sold, or otherwise placed in the stream of commerce by VS.

7. The term "Relevant Time Period" means the time period from January 1, 2008, up to and including the date of the response to these interrogatories.

8. The term "Communications" means any transmission, conveyance or exchange of information, whether written, oral or by other means.

9. The term "Documents" means any writing, letter, telegram, facsimile, electronic mail, memorandum, memorandum of conference or telephone conversation, communication, report, study, list, compilation of data, papers, books, records contracts, pictures, photographs, tapes and all other things upon which any handwriting, typing, printing, drawing, representation, photostatic or other copy, magnetic or electrical impulse, or other form of communication or information is recorded or reproduced. "Document" means the original and each non-identical copy thereof, and includes information contained or stored in an electronic medium or format.

## INSTRUCTIONS

1. All information is to be divulged which is in the possession, custody, or control of Dongkwang, or in the possession, custody, or control of Dongkwang's affiliates, predecessors in interest, or Dongkwang's attorneys, investigators, agents, employees, or other representatives.

2.      If the party answering these interrogatories lacks information necessary to answer any of the interrogatories, please describe specific efforts made by Dongkwang or anyone acting on its behalf, to ascertain the information sought, and state as definitively as possible when it is anticipated that the information will be obtained, and the response supplemented.

3.      These interrogatories are intended as continuing interrogatories, and require Dongkwang to supplement or correct their answers, or any disclosures in connection with these answers, as required by Rule 26(e) of the Federal Rules of Civil Procedure.

4.      Where an objection is made to any interrogatory or sub-part thereof, the objection shall state with specificity all grounds on which the objection is based.

5.      Where a claim of privilege is asserted in objecting to any interrogatory or subpart thereof, and a response is not provided on the basis of such assertion: (a) the attorney asserting the privilege shall, in the objection to the interrogatory, or sub-part thereof, identify the nature of the privilege (including work product) which is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state privilege rule being invoked; (b) the following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information: (i) for documents: the type of document including, the manner of recording or reproduction; the subject matter of the document; the date of the document; the author of the document; the addressee of the document, and, where not apparent, the relationship of the author and addressee to each other; to whom indicated or blind copies of the document are addressed; the number of pages, attachments, or appendices of the document; all persons to whom the document was distributed, shown, or explained; the present custodian of the document; and such other information as is sufficient to identify the document; and (ii) for oral communications: the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; the date and place of communication; and the subject matter of the communication.

**INTERROGATORIES**

1.      Identify by name, address, telephone number and employment position all persons who provided information or documents for responses to these interrogatories, and for each interrogatory identify (a) each person who supplied information used in preparation of the answer and (b) the persons who are most knowledgeable with respect to the factual subject matter involved in such interrogatory.

2.      Identify by name, address, telephone number and employment position all persons who provided information or documents for responses to Plaintiff's First Set Of Requests For Production Of Documents And Things, and for each response identify (a) each person who supplied information or documents used in preparation of each response and (b) the persons who are most knowledgeable with respect to the factual subject matter involved in such response.

3.      With respect to the allegations set forth in paragraph 7 of Dongkwang's Counterclaims, please identify by name, address, telephone number and employment position all persons who participated in, or were involved with, the planning, preparations, discussions, or implementation of Dongkwang's attempt to obtain VS distribution rights in South Korea.  Please identify each document that reflects, is related to, or pertains to any such planning, preparations, discussions, or implementation, and attach a copy.

4.      With respect to the allegations set forth in paragraph 8 of Dongkwang's Counterclaims, please identify by name, address, telephone number and employment position all persons who participated in, or were aware of, the discovery by Dongkwang that ARB only had rights to VS's surplus merchandise.  Please identify each document that reflects, is related to, or pertains to any such discovery, and attach a copy.

5.      With respect to the allegations set forth in paragraphs 9, 10, 27, and 33 of Dongkwang's Counterclaims, please identify by name, address, telephone number and

employment position all persons who participated in, or were involved with, the negotiations and discussions with Ellan.  Set forth with specificity each representation allegedly made by Ellan to Dongkwang, stating whether each such representation was oral or written.  If oral, set forth the contents of each such representation, and identify by name, place, date, and time each person making the representation, each person receiving the representation, and each person witnessing the representation.  If in writing, please attach a copy of each such representation.   Please identify each document that reflects, is related to, or pertains to any such representation, and attach a copy.

6. With respect to the allegations set forth in paragraph 11 of Dongkwang's Counterclaims, please set forth all due diligence efforts undertaken by Dongkwang prior to entering into the Distributorship Agreement, identifying by name, place, and date each due diligence effort made, and identifying by name, address, telephone number and employment position all persons who participated in, or were involved with, such due diligence efforts.  Please identify each document that reflects, is related to, or pertains to any such due diligence efforts, and attach a copy.

7. With respect to the allegations set forth in paragraph 12 of Dongkwang's Counterclaims, please set forth each announcement, marketing effort, advertisement, trip, visit, and contact undertaken by Dongkwang subsequent to the execution of the Distributorship Agreement, identifying by name, address, telephone number and employment position all persons who participated in, or were involved with, each such announcement, marketing effort, advertisement, trip, visit, and contact.  Please identify each document that reflects, is related to, or pertains to any such each announcement, marketing effort, advertisement, trip, visit, and contact, and attach a copy.

8. With respect to the allegations set forth in paragraphs 13, 14, and 18 of Dongkwang's Counterclaims, please identify each document requested by Dongkwang and each document provided by Ellan.   Please attach a copy of each such document.

9. With respect to the allegations set forth in paragraph 19 of Dongkwang's Counterclaims, please identify by name, address, telephone number and employment position all persons who participated in, or were involved with, the conspiracy between Ellan and AFB to induce Dongkwang to enter into the Distribution Agreement. Set forth with specificity each overt act undertaking be either Ellan or AFB or both in furtherance of said conspiracy, identifying by detailed description the actions taken, and identifying by name, address, telephone number and employment position all persons who participated in, or were involved with, each such overt act. Please identify each document that reflects, is related to, or pertains to any such overt act, and attach a copy.

10. With respect to the allegations set forth in paragraph 20 of Dongkwang's Counterclaims, please set forth with specificity each fraud allegedly perpetrated by Ellan, AFB, or both. With respect to each such fraud, please identify by name, address, telephone number and employment position all persons who participated in, or were involved with, the fraud. Please identify each document that reflects, is related to, or pertains to any such fraud, and attach a copy.

11. With respect to the allegations set forth in paragraph 43 of Dongkwang's Counterclaims, set forth with specificity each illegal act, each unlawful act, each lawful or legal act undertaken by unlawful means, and each lawful or legal act undertaken by illegal means, identifying by detailed description the actions taken, and identifying by name, address, telephone number and employment position all persons who participated in, or were involved with, each such action. Please identify each document that reflects, is related to, or pertains to any such action, and attach a copy.

12. With respect to the allegations set forth in paragraphs 23, 31, 36, 41, and 44 of Dongkwang's Counterclaims, please set forth with specificity each item of damage allegedly suffered by Dongkwang. With respect to each such item of damage, set forth in detail how Dongkwang calculates its damages, and identify all documentation in support of these calculations. Please identify each document that reflects, is related to, or pertains to Dongkwang's damage claims in this case, and attach a copy.

13. With respect to the allegations set forth in paragraphs 23, 31, 36, 41, and 44 of Dongkwang's Counterclaims, set forth in detail each step, action, or expedient that Dongkwang has taken in order to mitigate its damages in this case.  Please identify each document that reflects, is related to, or pertains to any such mitigation efforts, and attach a copy.

Dated: September 8, 2009                                   GEIGER and ROTHENBERG, LLP
                                                           *Attorneys for Plaintiff Ellan*

                                        by:     s/Alexander Geiger
                                                Alexander Geiger, Esq. (AG-8974)
                                                920 N. Broad Street, Suite 8
                                                Lansdale, PA 19446
                                                (215) 880-9439

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2009, I served, by Priority Mail and by email, the foregoing Plaintiff's First Set of Interrogatories to Dongkwang upon the following:

>Bong June Kim, Esq.
>KIM & BAE, P.C.
>*Attorneys for Defendant Dongkwang*
>110 East 59th Street, 29th Floor
>New York, NY 10022
>Email:  bjkim@kimbae.com
>
>Melanie I. Wiener, Esq.
>COBERT, HABER & HABER
>*Attorneys for Third-Party Defendant AFB, sued herein as Counterclaim-Defendant*
>1050 Franklin Avenue, Suite 507
>Garden City, NY 11530
>Email:  melanie@coberthaber.corn

Dated: September 8, 2009                    GEIGER and ROTHENBERG, LLP
                                            *Attorneys for Ellan*

                                    by:    /s/Alexander Geiger
                                            Alexander Geiger, Esq. (AG-8974)
                                            920 N. Broad Street, Suite 8
                                            Lansdale, PA 19446
                                            (215) 880-9439 (voice)
                                            (215) 361-8585 (fax)
                                            ageiger@AlexanderGeiger.com