

**KIM & BAE, P.C.**
ATTORNEYS AT LAW

| | |
|---|---|
| 2160 North Central Road, Suite 303 | 110 East 59th Street, 29th Floor |
| Fort Lee, NJ 07024 | New York, NY 10022 |
| T. 201.585.2288  F. 201.585.2246 | T. 212.319.6888  F. 212.319.7539    • Please reply to New Jersey office |

December 10, 2009

**By FedEx and ECF**

Honorable Michael H. Dolinger
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 1670
New York, New York 10007-1312

    Re: **Ellan Corp., Inc. v. Dongkwang Int'l Co., Ltd. (09 Civ. 00414 (LAP)(MHD))**

Dear Judge Dolinger:

    This letter is submitted on behalf of our client, defendant and counterclaim plaintiff, Dongkwang International Co., Ltd. ("Dongkwang") to request a conference before Your Honor to address (i) Dongkwang's proposed motion for leave to serve and file an Amended Answer With Counterclaims (in the form annexed hereto) and (ii) Dongkwang's requested modifications to the pre-trial schedule set forth in the Court's Order dated July 17, 2009 (copy attached).

A. <u>Status of the Action</u>.

    Plaintiff and counterclaim defendant, Ellan Corp., Inc. ("Ellan") brought this action for alleged breach by Dongkwang of a Distributorship Agreement between Ellan and Dongkwang dated August 8, 2008, pursuant to which Ellan purported to give Dongkwang certain rights to distribute Victoria's Secret ("VS") merchandise on-line and in Dongkwang's retail stores in South Korea. Ellan seeks recovery, pursuant to its Initial Disclosures, of $8,000,000 in liquidated damages, $120,000 in lost profit on an alleged initial purchase of VS merchandise and $1,200,000 in lost profit on annual sales of VS merchandise for a three-year period. Dongkwang answered the Complaint denying the material allegations of the Complaint and asserting various affirmative defenses.

    In addition, Dongkwang asserted counterclaims against Ellan and additional counterclaim defendant American Fashion Brands, LLC ("AFB"), for breach of contract, fraud, negligent misrepresentation and breach of the covenant of good faith and fair dealing against Ellan and for civil conspiracy against Ellan and AFB. As set forth in the counterclaims, Ellan and AFB (a purported supplier of VS merchandise) conspired to defraud Dongkwang into purchasing VS merchandise based on their false representations that Ellan had the authority to sell and distribute VS merchandise in South Korea and to enter into the Distributorship Agreement with Dongkwang. When Dongkwang learned that neither Ellan nor AFB had any authority to grant any rights to distribute VS merchandise in South Korea or to enter into the Distributorship Agreement, and Ellan failed and refused to provide Dongkwang with any documents to

Honorable Michael H. Dolinger
December 10, 2009
Page 2

substantiate its claim of authority to do so, Dongkwang immediately declared the Distributorship Agreement null and void and otherwise rescinded the agreement. In response to Dongkwang's counterclaims, Ellan and AFB served their answers, denying the material allegations in the counterclaims and asserting various affirmative defenses.

Following or simultaneous with the parties' initial disclosures, Ellan served interrogatories and documents requests on Dongkwang and a document request on AFB, and Dongkwang served interrogatories and documents requests on Ellan and AFB. Dongkwang fully responded to Ellan's requests by November 4, 2009. Ellan is scheduled to respond to Dongkwang's requests by December 11, 2009. Although AFB's responses to Dongkwang's requests were due on November 19, 2009, AFB is currently in default; nevertheless, its counsel, following various requests, informed us on December 1, 2009 that AFB will respond to Dongkwang's requests in "two weeks." While AFB claimed to have served with its initial disclosures all documents that may support its claims or defenses in the action, it has not otherwise responded to the document requests propounded by Dongkwang or Ellan, nor Dongkwang's interrogatories.

Ellan noticed the depositions of Jaesoo Lee, President of Dongkwang, a Rule 30(b)(6) witness of Dongkwang, and Dongkwang's former attorney Dae-Ki Min, Esq., who attended the meeting where the Distributorship Agreement was negotiated and signed. We offered to produce President Lee, a resident of South Korea, for deposition at our office in Ft. Lee, New Jersey as Dongkwang's Rule 30(b)(6) witness pursuant to a schedule that would enable us to have in hand responses from Ellan and AFB to our discovery requests. The most recent dates when President Lee could attend the deposition here were the several business days immediately before Christmas, at which time, however, AFB's counsel has indicated that he will be on trial in another case. Counsel have conferred regarding other dates in late December or January (which assumes that Your Honor would modify the current fact discovery cut-off date) for the taking of President Lee's deposition.

Dongkwang has noticed (and where necessary served subpoenas for) the depositions of Ellan's participants in the contract negotiations, Saeda Kim (Rich Kim), Han Ha Kim and Nanjala Warman, Ellan's President, Executive Director and representative, respectively; Ellan's Rule 30(b)(6) witness (pursuant to designation, Present Kim); Michael Sabe, AFB's President; AFB's Rule 30(b)(6) witness; Gail M. Stern and Dean Brocious, Limited Brands' Senior Vice President and Director of Brand Protection, respectively; and Limited Brands' Rule 30(b)(6) witness. All of these depositions are currently scheduled for later this month. Based on our direct interview and other communication with Limited Brands' Senior Vice President Stern, we believe that we will be able to show that Ellan and AFB did not possess the authority to grant Dongkwang the rights they claimed existed during the course of the negotiations last year with our client or in the Distributorship Agreement. Pursuant to subpoenas, Dongkwang has sought documents for this purpose from Limited Brands and its subsidiary, Victoria's Secret, LLC. This afternoon, however, counsel for Limited Brands and Victoria's Secret served objections to the subpoenas, which (excepting its objection relating to confidentiality) appear to be entirely without merit, and notified us that "one or more" of the requested witnesses are not available for deposition.

Honorable Michael H. Dolinger
December 10, 2009
Page 3

We have reviewed the substantial quantity of documents that Dongkwang produced, including documents Dongkwang obtained this Fall from Golden Bridge Financial Advisory Co., Ltd. ("Golden Bridge"), a Seoul, Korea based company that served as agent for Ellan and AFB in connection with the negotiation of the Distributorship Agreement, as well as the documents that Ellan and AFB have thus far produced. Based on this review and our further investigation of the role and responsibility of the various parties in connection with the communications that led to the signing of the Distributorship Agreement, we have determined that Dongkwang has and should assert additional affirmative defenses and additional or amended counterclaims against Ellan, AFB, Golden Bridge and one of its principals, Shi Hyun Hong ("Hong"). Since the parties negotiated and signed the Distributorship Agreement at AFB's offices in Manhattan, and Golden Bridge and Hong were physically present and active participants in the negotiations, and all of the present and proposed counterclaim defendants made the same or substantially similar misrepresentations concerning Ellan' rights, we believe that it would be proper and appropriate at this stage of the action to amend the answer and counterclaims to include all of the claims and defenses of our client arising out of the transaction giving rise to the claims in the main action.

Notwithstanding the efficiency and common sense of joining all claims and all parties arising from the same transaction in the same action, counsel for Ellan and AFB, following their review of the proposed pleading, have declined to enter into a stipulation, to be "so ordered" by the Court, granting Dongkwang leave to file and serve the proposed amended pleading.

B. Proposed Amended Answer With Counterclaims.

As discussed above, the proposed Amended Answer with Counterclaims (a) includes certain additional affirmative defenses (i.e., Ellan's failure of performance, Ellan's prior or anticipatory repudiation and its substantial breach of its material obligations under the Distributorship Agreement; Ellan's fraudulent inducement of Dongkwang's entering into the Distributorship Agreement; set off and recoupment); (b) amends the counterclaims against Ellan and AFB to provide greater specificity to the fraud and conspiracy claims; (c) joins AFB, Golden Bridge and Hong to the fraud and negligent misrepresentation claims; (d) adds a declaratory judgment claim against Ellan, among other things, that the Distributorship Agreement is null and void and otherwise effectively rescinded; (e) joins Golden Bridge and Hong to the conspiracy claim; and (f) adds a claim for contribution and indemnification against AFB, Golden Bridge and Hong.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend its pleading in the circumstances of this action with leave of the court, which should be "freely give[n]" when "justice so requires." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). The inclusion of the new or amended claims and defenses at this stage of the action would permit Dongkwang to assert all of its claims and defenses based on its investigation to date, would thereby avoid unnecessary legal prejudice to Dongkwang and, at the same time, would not significantly add to the complexity or length of the litigation but would bring all parties and claims into one action. Given that the proposed amended pleading serves to join all claims and all parties relating to the transaction giving rise to the action, the objective of avoiding circuity of litigation, bringing unnecessary actions and the attended expense would be

achieved by granting Dongkwang leave to file and serve the pleading. The relatively limited delay that would be caused by the proposed amendments will not prejudice any party or complicate the issues at trial. Indeed, pre-trial discovery should likely be completed only a few months beyond the current cut-off dates for discovery in this action.

In these circumstances, Dongkwang should be able to "test its claims on the merits" inasmuch as there has been no undue delay, bad faith or dilatory motive on the part of Dongkwang, undue prejudice to any other party by virtue of allowance of the amendment or futility with respect to any of its proposed claims. *Foman v. Davis*, 371 U.S. at 182; *Del Rosario v. New York City Dep't of Corrections*, 2009 U.S. LEXIS 66018 (S.D.N.Y., Dolinger, J. May 14, 2009). Accordingly, Dongkwang requests that it be granted leave to serve and file its proposed Amended Answer with Counterclaims in this action.

C. Requested Modification of Scheduling Order.

Dongkwang requests that Your Honor modify the Court's scheduling Order dated July 17, 2009 in order to extend the times for completion or service, as the case may be, of pre-trial proceedings and the pre-trial order, as follows: (i) completion of fact discovery, from December 31, 2009 until March 31, 2009; (ii) the time for Ellan to designate its expert witnesses and provide its Rule 26(a)(2)(B) disclosures, from December 15, 2009 until March 15, 2010; (iii) the time for Dongkwang, AFB and any other parties to provide equivalent information, from December 30, 2009 to March 30, 2010; (iv) the time for the parties' rebuttal reports to be provided, from January 8, 2010 until April 8, 2010; (v) the time for completion of expert witness discovery, from February 15, 2010 until May 17, 2010; and the time for submission of a joint pre-trial order, from March 15, 2010 until June 15, 2010.

The requested extension of time, in each instance by approximately 90 days, is warranted in view of the substantial need by Dongkwang (and presumably the other parties) to complete pre-trial discovery in this action. The current parties have completed or may within the next two weeks complete their responses to Ellan's discovery requests to Dongkwang and Dongkwang's requests to Ellan and AFB. And Dongkwang has agreed to produce its President, a resident of South Korea, for deposition in Northern New Jersey. But, despite the best efforts of Ellan and Dongkwang, the depositions of the parties will not have commenced until later this month (and may not appropriately start until after service of the Amended Answer with Counterclaims on Golden Bridge and Hong, if Dongkwang is given leave to do so). Furthermore, Dongkwang's discovery of critical non-parties Limited Brands and Victoria's Secret Stores, currently scheduled for late December, may not occur this month given objections that we received this afternoon from their counsel regarding the document requests and the availability of the witnesses.

Given the magnitude of Ellan's claims against Dongkwang and the logistical and other complexity of the case, it is essential that Dongkwang be given additional time in which to prepare its defense and the prosecution of its counterclaims for trial. No party will be prejudiced by the requested extension of time; indeed, all parties will benefit from the extension, if granted, inasmuch as it will enable the parties, in a case of this nature, to responsibly conduct and

Honorable Michael H. Dolinger
December 10, 2009
Page 5

complete all pre-trial proceedings involving parties and witnesses in different countries (South Korea, United States and China) and non-parties such as Limited Brands and Victoria's Secret Stores which assert claims (as they have done today) regarding trade secrets and confidentiality issues.

D. <u>Conclusion</u>.

For the reasons set forth above, we request that the Court schedule a conference or conference call in which counsel may address Dongkwang's requests discussed above. We are available at virtually any time to appear before Your Honor for this purpose.

Respectfully yours,

Carlton R. Asher, Jr.

cc: Alexander Geiger, Esq.
    Melanie I. Weiner, Esq.
    Marc Weissman, Esq.

**By E-mail and ECF**

Enclosures